## Case No. 13,540.

### The STROMLESS.

### The C. E. PAGE.

### [1 Lowell, 153.] [1]

District Court, D. Massachusetts. April, 1867.

COLLISION—GROUNDED VESSEL—DEMURRAGE—PRESUMPTIONS.

1. Where a schooner had grounded in the entrance to a dock, and a brig that was ready for sea undertook to haul by her after her officers were warned that there was not room enough, and became jammed, and both vessels were injured; *held,* the brig was solely to blame.

2. Demurrage is allowed in cases of collision for the time the injured vessel is necessarily detained, if she has lost employment.

[See The Baltic, Case No. 824.]

3. A coasting schooner (collier) during the busy season may be presumed to have lost employment.

In admiralty.

J. C. Dodge, for owners of the C. E. Page.
G. O. Shattuck, for owners of the Stromless.

LOWELL, District Judge. Cross-libels for damage to the schooner C. E. Page and the brig Stromless. In August, 1865, the schooner arrived at Boston with a cargo of coal, and attempted to haul in to Robbins's wharf. The dock which divides this wharf from French's wharf, which is next it on the south, narrows towards the harbor. The brig was lying near the end of French's wharf taking in ballast, and the people of the schooner were apprehensive that there was not room to pass, and asked to have the brig hauled up the dock a short distance, which was done. The schooner then attempted to haul in, but grounded in the narrowest part of the dock and stuck fast. The brig being soon after ready to go out tried to haul by, but was jammed ·between the schooner and the wharf, and when the tide fell both vessels were somewhat damaged. The mate of the brig was warned that there was not room enough, and knew that the schooner was aground.

LOWELL, District Judge. The grounding of the schooner appears to have been an ordinary accident of navigation, and one which had no direct tendency to cause the collision, because the officers of the brig were fully warned of it, and undertook to pass notwithstanding. However provoking the delay may have been, the brig, under these circumstances, went forward at her peril, and must bear all the loss, which, fortunately, is not large.

Demurrage is the principal item of the damages, and it is shown that three days were necessary for making the repairs. The rule is to give demurrage if the vessel has lost employment; and it seems a fair matter of inference that a coasting vessel of this character would obtain freights during the busy season of the year. We have no fixed measure of so much a ton for each day's delay, and I must rely on the evidence in every case, which in this points to forty dollars a day for this schooner. Damage pronounced for.